DECISION AND JUDGMENT
This is an appeal from a judgment of the Sandusky County Court, District 1, which found appellant guilty of one misdemeanor count of unlawfully shooting deer from a roadway, in violation of R.C. 1531.02. For the reasons set forth below, this court affirms the judgment of the trial court. *Page 2 
Appellant, Shannon Wood, sets forth the following sole assignment of error:
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY CONCLUDING THE STATE PROVED BEYOND A REASONABLE DOUBT THAT APPELLANT ILLEGALLY SHOT A DEER ON NOVEMBER 26, 2007."
The following undisputed facts are relevant to the issues raised on appeal. This case stems from an incident occurring on County Road 222 in Riley Township, Sandusky County, Ohio. On November 26, 2007, the first day of hunting season, Officer Bury of the Ohio Department of Natural Resources ("ODNR") was monitoring hunting activity while on duty in Sandusky County.
Officer Bury utilized high-power binoculars to observe hunting activities. Officer Bury witnessed appellant standing on County Road 222, observed deer emerge from the adjacent woods, and observed appellant shoot at a deer multiple times, killing it.
In response to these observations, Officer Bury approached the group of hunters to investigate. Officer Bury directly asked the men which one of them had just shot the deer. Appellant promptly conceded that it had been him. Officer Bury recovered the spent shells along the roadway. Appellant was charged with one count of illegally shooting deer from a roadway, in violation of R.C. 1531.02, a first degree misdemeanor.
On July 10, 2008, the matter proceeded to a bench trial in Sandusky County Court, District 1. Officer Bury definitively testified that despite appellant's contention that he had "jumped the guard rail" just prior to shooting the deer, he observed appellant shoot *Page 3 
from behind the guard rail while on the roadway. Officer Bury's observations were based upon his monitoring the events from a short distance away using high-power binoculars.
In contravention to Officer Bury's testimony, appellant offered the testimony of another hunter who claimed appellant was situated in a ditch adjacent to the road at the time of the shooting. This witness was approximately 400 to 500 yards away at the time of the incident. Appellant also offered testimony of an additional witness who was in the woods driving the deer towards the roadway at the time of the incident. Thus, the second witness did not actually observe the incident.
On July 17, 2008, appellant was found guilty. On August 14, 2008, appellant was sentenced to 90 days of incarceration with 80 of the days suspended. In addition, appellant's hunting license was suspended for two years. Timely notice of appeal was filed.
In the sole assignment of error, appellant contends that the trial court erred in finding appellant guilty of unlawfully shooting deer from a roadway.
A criminal conviction may be overturned on appeal if there is insufficient evidence, or if the conviction is against the manifest weight of the evidence. In considering a challenge based upon the sufficiency of the evidence, we must determine whether the evidence submitted to the trial court was legally sufficient to establish the elements of the offense. State v. Tompkins (1997), 78 Ohio St. 3d 380,387. In resolving the sufficiency question, we determine whether the evidence presented, if believed, *Page 4 
would satisfy an average person of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
In conjunction with the above analysis, you must also consider whether the verdict was against the manifest weight of the evidence. When examining whether a conviction was contrary to the manifest weight of the evidence, the appellate court serves as a "thirteenth juror" to conclude whether the trial court lost its way so significantly as to result in a manifest miscarriage of justice, necessitating that the conviction be overturned. Tompkins at 387. In reaching this decision, we grant substantial deference to the trial court's determination given its unique opportunity to closely observe and assess the demeanor and credibility of the witnesses and of the evidence presented. State v.Mickles, 6th Dist. No. L-05-1206, 2006-Ohio-3803.
In applying these principles to this case, we note that the record establishes that appellee's chief witness presented clear and unambiguous testimony conveying that on November 26, 2007, in Sandusky County, Ohio, appellant shot a deer from County Road 222. This witness was on duty as an officer of the ODNR and was utilizing high-power binoculars at the time of his observations. We further note that appellant's defense was primarily based upon his self-serving contention that he "jumped the guardrail" prior to shooting, in addition to the testimony of a fellow hunter positioned approximately 400 to 500 yards away at the time of the incident.
In applying the requisite legal principles to be record of evidence in this case, we find that the more compelling evidence presented by appellee was sufficient to establish *Page 5 
the offense of unlawfully shooting deer from a roadway and would satisfy an average person of appellant's guilt beyond a reasonable doubt. There is no evidence in the record from which to conclude that the trial court lost its way so as to cause a manifest miscarriage of justice. We find appellant's sole assignment of error not well-taken.
On consideration whereof, the judgment of the Sandusky County Court, District 1, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J., Thomas J. Osowik, J., James R. Sherck, J., concur.
Judge James R. Sherck, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio. *Page 1